## J. N. Elliott & Company, et al. v. Dosser Reeves Company, et al.

(Decided May 4, 1928.)

### Appeal from Bell Circuit Court.

Fraudulent Conveyances.—Evidence that husband was indebted to plaintiffs and others at time of conveyance to wife, that property conveyed was worth considerably more than recited consideration, that he was insolvent and that she knew of such fact, held to warrant chancellor's holding that conveyance was fraudulent preference, operating as assignment for benefit of all of grantor's creditors under Ky. Stats., sec. 1910, even if made in consideration of money theretofore loaned him by wife, as he testified.

E. F. BAKER for appellants.

E. N. INGRAM for appellees.

OPINION OF THE COURT BY CHIEF JUSTICE CLAY—Affirming.

On June 13, 1924, J. N. Elliott, for the recited consideration of $500 conveyed to his wife, Laura Elliott,

one tract of land containing about 17 acres, another tract containing about 70 acres, and an undivided one-ninth interest in a third tract containing about 200 acres. This action was brought by Dosser Reeves Company and other creditors to set aside the conveyance on the ground that it was made for the purpose of cheating, hindering, and defrauding plaintiffs and the other creditors of J. N. Elliott. Shortly thereafter plaintiffs filed an amended petition attacking the conveyance as a fraudulent preference, and alleging that the action was filed within six months from the time the deed was recorded. On final hearing the chancellor adjudged that the deed was a fraudulent preference, and operated as an assignment of the estate of J. N. Elliott for the benefit of all his creditors. The defendants have appealed.

There being no cross-appeal, the only question for determination is whether the record discloses a case of fraudulent preference. The evidence shows that at the time of the conveyance J. N. Elliott was indebted to appellees and others, and it is fairly deducible from the record that the property which he conveyed to his wife was worth considerably more than the recited consideration of $500. Even according to his evidence the consideration was not paid at the time, but was money which his wife had obtained from a sale of property in Wyoming, and which he had borrowed from her two years or more before making the deed. Not only so, but the allegation of J. N. Elliott's insolvency, and of his wife's knowledge thereof, at the time of the conveyance, is undenied. It is clear from the evidence that even if we accept Elliott's statement that the conveyance was made for the consideration of money theretofore loaned to him by his wife, the case is simply one where he, when insolvent, and known to be insolvent by his wife, conveyed the land to her for the purpose of paying a pre-existing debt. That being true, the chancellor did not err in holding that the conveyance was a fraudulent preference and operated as an assignment of J. N. Elliott's property for the benefit of all his creditors. Section 1910, Kentucky Statutes.

Judgment affirmed.